CRAWLEY, Judge,
concurring in part and dissenting in part.
I agree with Judge Monroe that the trial court properly entered the summary judgment for the real estate agent and for the Nolans in regard to Melton’s cross appeal. I dissent from the reversal of the summary judgment for Melton. Judge Monroe attempts to distinguish the facts of this case from the facts of Kelly v. Alexander, 554 So.2d 343 (Ala.1989), overruled on other grounds, Ford Motor Co. v. Neese, 572 So.2d 1255 (Ala.1990). The only difference I can see between this case and Kelly is that in this case the previous homeowner is alleged to have misrepresented the home’s tendency to flood, and in Kelly the homebuilder was alleged to have misrepresented the home’s tendency to flood. I do not see how that distinction makes any difference as to when the Nolans should have discovered the fraud. As stated in Kelly, the first instance of the flooding provided notice to the homeowners of the fraudulent misrepresentation. I would apply that same reasoning to this case. The homeowners should have known of the misrepresentation after the first instance of flooding in July 1995. They did not file their action until August 1997, more than two years later; therefore, their action is barred by the two-year statute of limitations provided in § 6-2-38(£), Ala.Code 1975.
THOMPSON, J., concurs.